UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| AHMAD M. AJAJ,            )<br>                          )<br>        Plaintiff,      )<br>                          )<br>     v.                   )<br>                          )<br>J. E. KRUGER, et al.      )<br>                          )<br>        Defendants.     )   | No. 2:20-cv-00244-JPH-MJD |

**ORDER SCREENING THE COMPLAINT**

Plaintiff Ahmad Ajaj, a federal inmate at Allenwood-USP, brings this action alleging violations of his right to religious freedom, deliberate indifference to his serious medical needs, unlawful retaliation, and defamation. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen the amended complaint before service on the defendants.

**I.
SCREENING STANDARD**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II.
## THE COMPLAINT

On May 8, 2020, the plaintiff filed a complaint naming the following defendants: J.E. Kruger, Michael Underwood, Jason Cox, Timothy Hunt, Robert Roloff, Christopher McCoy, T. Watson, Melissa Kimberly, K. Lubbehusen, Michael Gilliam, Jason Dodge, David Floyd, Mitchel Holliday, Scott Abrahims, Jonathan Sutter, and the Federal Bureau of Prisons ("BOP"). Aside from the BOP, the complaint names all the defendants in their individual capacities. The plaintiff is seeking compensatory and punitive damages and injunctive and declaratory relief. The complaint alleges religious discrimination, deliberate indifference to serious medical needs, retaliation and defamation, as summarized below.

### A. Allegations of Religious Discrimination

The complaint alleges a pattern of religious discrimination during the plaintiff's incarceration at USP-Terre Haute from January 2018 until February 2019. Some of the discrimination is alleged to have been contrary to the policies of the BOP. The specific allegations of religious discrimination include that:

Kruger, Underwood, Cox, Hunt, Gilliam, Roloff, McCoy, Abrahims, and Watson refused to provide meal services before sunrise or after sunset during the month of Ramadan. These defendants also prohibited the plaintiff from taking food back to his cell to consume during non-fasting hours.

Kruger, Underwood, Cox, Roloff, Kimberly, and Floyd refused to allow the plaintiff to purchase or receive traditional Halal food items to celebrate Eid Al-Fitr and Eid Al-Adha.

2

Beginning in October 2018, Kruger, Underwood, Cox, Hunt, Roloff, Gilliam, Holliday, and Abrahims refused to provide the plaintiff with Halal meals.

All defendants refused to allow the plaintiff to purchase Halal food items from the commissary.

Lubbehusen refused to allow the plaintiff to take his prescribed medication during non-fasting hours during Ramadan.

Kruger, Underwood, Cox, Roloff, and Sutter prohibited the plaintiff and other Muslim prisoners from participating in nightly group Tarawih prayers during Ramadan. On May 17, 2018, Kruger allegedly threatened to use force, including OC spray and stun guns, to enforce this prohibition.

Kruger, Underwood, Cox, Sutter, Watson, and Roloff frequently interfered with the plaintiff's and other Muslim prisoners' ability to perform Jumu'ah, a Friday afternoon prayer.

Kruger, Underwood, Cox, Watson, and Roloff cancelled an Islamic study group without a legitimate justification while at the same time permitting religious study groups for other faiths.

USP-Terre Haute did not provide Muslim prisoners with access to a Muslim chaplain or religious leader for many years. In October 2018, all defendants allegedly employed a chaplain from a Muslim sect that the plaintiff considers heretical. The lack of access to a Muslim religious leader has negatively impacted the plaintiff's ability to practice his faith.

Kruger, Underwood, Cox, and Roloff deprived the plaintiff of all religious items when he was housed in the special housing unit for non-disciplinary reasons.

Kruger, Underwood, Cox, Hunt, Roloff, and Watson interfered with the plaintiff's ability to perform daily obligatory group prayers.

Kruger, Underwood, and Cox directed employees to search the plaintiff and other Muslim inmates during Ramadan in order to harass and humiliate these prisoners and to discourage the practice of Islam.

Lubbehusen, a female BOP employee, repeatedly subjected the plaintiff to humiliating pat down and strip searches, during which she would frequently touch his genitals. The plaintiff's religious beliefs prevent him from being touched in this manner by a woman who is not a family member. Male employees were frequently available to perform pat searches of the plaintiff, but Lubbehusen performed the searches in order to humiliate the plaintiff.

Plaintiff's religious beliefs also prevent him from exposing the area of his body between his navel and knees. Although USP-Terre Haute has body scanners, which are often used for searches of transgender inmates, these body scanners were not used as an alternative to strip searches to accommodate the plaintiff's religious beliefs.

The BOP, Kruger, Watson, Cox, and Underwood blocked emails from Islamic organizations that provided the plaintiff and other Muslim inmates with religious education materials.

Plaintiff was transferred from USP-Terre Haute to USP-Allenwood after a report was filed accusing the plaintiff of stalking Lubbehusen. This transfer caused the plaintiff to be terminated from the Life Connections Program, a religious housing program that allows participants access to a room for group prayer.

**B. Allegations of Deliberate Indifference to Serious Medical Needs**

The complaint alleges that the plaintiff was prescribed a medically restricted diet while at USP-Terre Haute because he suffers from multiple gastrointestinal disorders; Kruger, Underwood, Cox, Hunt, Gilliam, Watson, Abrahims, and Holliday prohibited the plaintiff from receiving his

4

medically restricted diet; and that Lubbehusen frequently crushed and diluted the plaintiff's medications, which caused him to become ill.

### C. Allegations of Retaliation

The complaint alleges that Kruger, Holliday, Abrahims, Hunt, Cox, Watson, Lubbehusen, Dodge, and McCoy either restricted his access to a religious or medical diet or filed false stalking reports against him in retaliation for filing grievances and complaints against prison staff. They also allegedly performed pat downs and strip searches on the plaintiff in retaliation for his religious practice.

### D. Allegations of Defamation

The complaint alleges that Lubbehusen knowingly made false statements claiming that the plaintiff was stalking her. Dodge then knowingly used these false statements to ensure that the plaintiff would be transferred to another facility.

## III.
## DISCUSSION

The Religious Freedom and Restoration Act ("RFRA") applies to federal prison personnel and governs a federal inmate's claim that government actors interfered with the free exercise of his religion. *O'Bryan v. Bureau of Prisons*, 349 F.3d 399, 400 (7th Cir. 2003). An inmate may bring a *Bivens* action against federal employees in their individual capacities for deliberate indifference to the inmate's serious medical needs in violation of the Eighth Amendment. *Carlson v. Green*, 446 U.S. 14, 24 (1980). Although the Supreme Court has not recognized the right to bring a *Bivens* action for First Amendment retaliation claims, and doing so would be a disfavored judicial activity under *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017), the Seventh Circuit has reversed the dismissal of First Amendment *Bivens* claims where there was inadequate adversarial briefing by counsel. *E.g. Smadi v. True*, 783 F. App'x 633, 634 (7th Cir. 2019); *Hass v. Noordeloos*, 792 F.

App'x 405, 406 (7th Cir. 2020). In Indiana, to establish a claim of defamation, a plaintiff must prove the existence of a communication with defamatory imputation, malice, publication, and damages. *Dugan v. Mittal Steel USA Inc.*, 929 N.E.3d 184, 186 (Ind. 2010).

Based on the screening standard set forth above, the plaintiff's RFRA claim **shall proceed** against all defendants. The plaintiff's *Bivens* claim alleging deliberate indifference to his serious medical needs **shall proceed** against Kruger, Underwood, Cox, Hunt, Gilliam, Watson, Abrahims, Holliday, and Lubbehusen. The plaintiff's *Bivens* claim alleging unlawful retaliation under the First Amendment **shall proceed** against Kruger, Underwood, Holliday, Abrahims, Hunt, Cox, Watson, Lubbehusen, Dodge, and McCoy. The plaintiff's defamation claim **shall proceed** against Lubbehusen and Dodge.

This summary includes all viable claims identified by the Court. All other claims are **dismissed**. If the plaintiff believes that the complaint sets forth additional claims not identified by the Court, he shall have **through August 21, 2020**, to identify those claims.

## IV.
## SUMMARY AND SERVICE OF PROCESS

The plaintiff's RFRA claim **shall proceed** against all defendants. The plaintiff's *Bivens* claim alleging deliberate indifference to his serious medical needs **shall proceed** against Kruger, Underwood, Cox, Hunt, Gilliam, Watson, Abrahims, Holliday, and Lubbehusen. The plaintiff's *Bivens* claim alleging unlawful retaliation under the First Amendment **shall proceed** against Kruger, Underwood, Holliday, Abrahims, Hunt, Cox, Watson, Lubbehusen, Dodge, and McCoy. The plaintiff's defamation claim **shall proceed** against Lubbehusen and Dodge. All other claims are **dismissed**.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(2) to issue process to defendants J.E. Kruger, Michael Underwood, Jason Cox, Timothy Hunt, Robert Roloff, Christopher McCoy,

T. Watson, Melissa Kimberly, K. Lubbehusen, Michael Gilliam, Jason Dodge, David Floyd, Mitchel Holliday, Scott Abrahims, Jonathan Sutter, and the BOP. Process shall consist of a summons. The Marshal for this district or the Marshal's deputy shall serve the summons, a copy of the complaint, dkt. [1], and this Order on each defendant and on the officials designated pursuant to Fed. R. Civ. P. 4(i)(2), at the expense of the United States.

The **clerk is directed** to send the plaintiff the Court's form motion for assistance recruiting counsel.

The plaintiff's motion for extension of time to pay the filing fee, dkt. [2], is **denied as moot** because the filing fee has already been paid. The plaintiff's motion for judicial notice, directing the Court to case law permitting the filing of lengthy complaints, dkt. [3], is **granted**. The plaintiff's motion to order the Marshal to direct service of process, dkt. [10], is **denied as moot**.

**SO ORDERED**.

Date: 8/7/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

AHMAD M. AJAJ

40637-053
ALLENWOOD - USP
ALLENWOOD U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 3000
WHITE DEER, PA 17887

UNITED STATES MARSHAL
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204