UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| AHMAD M. AJAJ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00244-JPH-MG |
| | ) | |
| J. E. KRUGER, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL,
DENYING MOTION TO ADMINISTRATIVELY CLOSE CASE,
RESETTING DEADLINE, AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Ahmad Ajaj filed this civil rights action alleging violations of his right to religious freedom, deliberate indifference to his serious medical needs, unlawful retaliation, and defamation. The defendants have moved to dismiss several claims. After multiple extensions of time, Mr. Ajaj's response to the motion to dismiss is currently due June 30, 2021. *See* dkt. 49. Mr. Ajaj has now moved for appointment of counsel or, in the alternative, to stay proceedings and administratively close the case. For the reasons below, the motions are **DENIED**.

### I. Motion to Appoint Counsel

Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989).

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of

the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.*

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Mr. Ajaj asserts that he has written to four legal service providers requesting representation. Dkt. 48 at 3, ¶ 14. Based on this assertion, the Court finds that Mr. Ajaj has made reasonable efforts to find representation on his own. Mr. Ajaj should continue working to obtain counsel on his own.

The Court turns next to Mr. Ajaj's competence to litigate the case. This inquiry "requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655).

Mr. Ajaj raises a number of claims in this action, including (1) a Religious Freedom and Restoration Act claim based on strip searches; (2) a claim of deliberate indifference to serious medical needs based on diluted medications and failure to provide a special diet; (3) a First

Amendment retaliation claim; and (4) a defamation claim based on a defendant's allegation that Mr. Ajaj was stalking her.

Mr. Ajaj does not assert that he is incompetent to litigate these claims on his own. Nor does he provide information that would allow the Court to reach that conclusion. Mr. Ajaj offers no information about his educational history—except a suggestion that he plans to enroll in university courses while in prison—and he indicates no difficulty reading or writing. He does state that he takes medicine that "interfer[es] with his ability to function normally throughout the day," but he does not suggest that this will prevent him from competently litigating his case. Dkt. 48 at 2.

Mr. Ajaj's main basis for seeking counsel is his temporary lack of access to legal materials. He asserts that he is housed in the Special Housing Unit without access to the law library or a typewriter. *Id.* He further asserts that he does not have access to the defendants' motion to dismiss. *Id.* at 1. These are not sufficient reasons to appoint counsel at this time. The Court has sent Mr. Ajaj a copy of the defendants' motion to dismiss and granted him multiple extensions of time to respond to it. *See* dkts. 45 and 49. Accordingly, the motion to appoint counsel, dkt. [48], is **DENIED**.

The **clerk is directed** to include a blank form motion for assistance with recruiting counsel with Mr. Ajaj's copy of this Order. If Mr. Ajaj wishes to move for counsel again later in this case, he should use the form motion provided by the Court.

## II. Motions to Stay and Administratively Close Case

Mr. Ajaj's requests to stay proceedings, dkt. [48], and administratively close this case, dkt. [50], are also **DENIED**. The Court acknowledges the added difficulties Mr. Ajaj has had litigating this action after contracting Covid-19, *see* dkt. 21-1, and being transferred to the Special Housing Unit. Indeed, the Court has allowed Mr. Ajaj significant extensions of time and provided him with additional assistance in litigating this case. *See* dkts. 45 and 49. Nevertheless, the Court

3

finds that a stay is not warranted based on current circumstances. Mr. Ajaj may, however, move to dismiss this action without prejudice. *See* Fed. R. Civ. P. 41(1)(2).

Finally, the Court *sua sponte* resets the deadline for Mr. Ajaj to respond to the defendants' motion to dismiss. Mr. Ajaj shall have **through July 30, 2021**, to file a response.

### III. Conclusion

Mr. Ajaj's motion to appoint counsel or stay proceedings, dkt. [48], and motion to administratively close this case, dkt. [50], are **DENIED**.

Mr. Ajaj shall have **through July 30, 2021**, to respond to the defendants' motion to dismiss.

**SO ORDERED.**

Date: 6/30/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

AHMAD M. AJAJ
40637-053
ALLENWOOD – USP
ALLENWOOD U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 3000
WHITE DEER, PA 17887

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lara.langeneckert@usdoj.gov